JANVIER, Judge.
This is a suit by a corporation, duly licensed as a real estate broker, for a commission alleged to be due by defendants.
From a judgment in favor of plaintiff as prayed for defendants have appealed sus-pensively.
The District Judge rendered written reasons for the judgment and with these reasons we thoroughly agree:
“Plaintiff, as a duly licensed real estate broker -and on behalf of the defendant, as owners, leased the premises in-the City of-New Orleans, designated as municipal numbers 3601 through 3.60S South Carrollton Avenue, to a partnership doing business as Daniel Entringer & Sons, composed of Daniel, Donald D.,. and Gerald F. Entrin-ger. The lease was for primary term of 5 years at $325.00 per month, with a renewal option of 5 years vested in the lessee, and in the event of its renewal by the lessee, plaintiff was to receive a further commission on the renewed lease, to-wit, 5% on the first $2500.00 and 4% on the balance.
“During the term of the lease the partnership was converted into a corporation, the partners of the partnership becoming stockholders in the corporation, the latter taking over the lease from the partnership and assuming all obligations of the partnership.
“At the expiration of the 5-year term plaintiff submitted a renewal lease to the defendants which the latter declined, contending the lessee was a new lessee and plaintiffs were not entitled to the commission.
“The question submitted to the Court is whether or not a broker is entitled to the commission on the renewal lease where the lessee, a partnership, was converted into a corporation, with the partners of the former becoming stockholders in the latter, and the corporation assuming the lease, and the renewal lease is made by the owners with the corporation. Zuzak v. Querbes [La. App.], 193 So. 258.
“I hold that the partnership quoad the plaintiff was the same lessee with a new name and a new overcoat, and that .the defendants, as the owners and lessors under the original lease and obligated to plaintiff to pay a commission upon a renewal of the lease to the original lessee, are bound for the commission. The change of name and change of legal status did not change the identity of the lessee quoad plaintiff.”
There are two very important facts on which stress should be laid. The first is that the. corporation, which has leased the property for the second or renewal term of five years, was organized by the identical persons who composed the partnership which executed the original -lease; the former partners are the sole stockholders and officers of the new corporation. The second fact is that the corporation was organized a very few months after the commencement of the initial five-year period and, on its incorporation, was accepted by defendants as lessee in place of the original partnership. This is conceded and is evidenced by an averment in the answer of the defendants which is to the effect that “ * * * a Louisiana corporation, domi *613 ciled and doing business in the City of New Orleans, Entringer Bakeries, Inc., assumed, the original lease as lessee.”
Thus defendants admit that, for almost the entire initial five-year term of the lease, they accepted the corporation, Entringer Bakeries, Inc., as lessee in place of the named lessee which was the partnership, Daniel Entringer & Sons, Bakeries. Yet they now contend that the commission for the renewal term of the lease is not due since the original lessee is not the lessee for the said renewal term. The contention is without any semblance of merit.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.